UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) COMMISSION, ) ) Plaintiff ) ) v. ) ) UNITED PARCEL SERVICE, INC. ) ) Defendant. ) ) | CIVIL ACTION NO.<br><br>COMPLAINT AND<br><u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Ronnis Mason ("Mason") who was adversely affected by such practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and

enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, United Parcel Service ("UPS"), has continuously been a New York corporation doing business in the State of New Jersey, and has continuously had at least 15 employees.

5. At all relevant times, UPS has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mason filed a charge with the Commission alleging violations of Title VII by UPS. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Mason is a Rastafarian. As a Rastafarian, he believes that he must wear a beard to observe his religion.

8. In or around November 18, 2004, Mason applied for a seasonal driver helper position with UPS at its facility in Secaucus, New Jersey.

9. As part of the application process, UPS explained its appearance guidelines applicable for the entire company , which, among other things, prohibited beards and goatees.

10. After learning this, Mason interviewed for the position of driver helper. UPS explained the appearance guidelines again, and that he could not work as a driver helper unless he shaved his beard. Mason told UPS that he could not shave his beard because of his religion. UPS then told Mason that he could apply for an "inside" position that would not have contact with the public if he wanted to keep his beard.

11. The "inside" positions suggested by UPS to Mason paid less than the driver helper position.

12. UPS refused to consider Mason for the higher paying driver helper position because he refused to shave his beard. UPS refused to hire Mason in a position requiring public contact because he wears a beard in observance of his religion and thereby UPS refused to accommodate Mason and his sincerely held religious beliefs.

13. As a result, UPS has engaged in unlawful employment practices in violation of Section 703 (a) of Title VII, 42 U.S.C. §2000e-(a) and (b) against Mason.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mason.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining UPS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of religion;

B. Order UPS to allow men whose religion requires them to wear a beard to serve in public contact positions;

C. Order UPS to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees engaging in protected activity, and which eradicate the effects of UPS's past and present unlawful employment practices;

D. Order UPS to make Mason whole for the unlawful employment practices described above, by providing appropriate backpay with prejudgment interest, in amounts to be

determined at trial, and other affirmative relief necessary to eradicate the effects of UPS's unlawful employment practices.

   E.  Order UPS to make Mason whole for the unlawful employment practices described above by providing compensation for non-pecuniary losses, including pain, suffering and humiliation in amounts to be determined at trial.

   F.  Order UPS to pay Mason for the unlawful employment practices described above, by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

   G.  Grant such further relief as the Court deems necessary and proper.

   H.  Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: March 27, 2006
      New York, New York

                Respectfully submitted,

                James L. Lee
                Deputy General Counsel

                Gwendolyn Y. Reams
                Associate General Counsel

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                1801 L Street, N.W.
                Washington, D.C.  20507


                ___S/ Elizabeth Grossman_____
                Elizabeth Grossman
                Regional Attorney


                ___S/ Judy Keenan_____
                Judy Keenan
                Acting Supervisory Trial Attorney


                ___S/ Michael Ranis_____
                Michael Ranis (3757)
                Senior Trial Attorney
                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                New York District Office
                33 Whitehall St., 5th Floor
                NY, NY 10004-2112
                (212) 336-3696
                Michael.Ranis@eeoc.gov